O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-05207 AHM | | Date | June 18, 2012 |
|---|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

Defendant Patrick R. Donahoe, the United States Postmaster General, has moved for partial dismissal of Plaintiff Dennis Simpson's First Amended Complaint ("FAC") for lack of subject matter jurisdiction.[1]  For the following reasons, the Court GRANTS Defendant's motion.

## I.    BACKGROUND

Plaintiff worked for the United States Postal Service ("USPS") from 1976 until 2009.  FAC ¶¶ 10, 32.  His claims against the Postmaster General are based on the following factual allegations, which are taken from the FAC:

| Date | Plaintiff's Allegations | Citation |
|---|---|---|
| May 1994 | Plaintiff was wrongfully accused of falsifying his travel pay and was placed on leave without pay. Upon being reinstated, he was assigned to a different position. | FAC ¶ 17. |
| November 2004 | Plaintiff was transferred to Panorama City despite the fact that his doctor had ordered that he not travel more than 25 miles to a postal facility. | FAC ¶ 21. |

---

[1]Dkt. 48.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-05207 AHM | | Date | June 18, 2012 |
|----------|-----------------|---|------|---------------|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | | |

| Date | Plaintiff's Allegations | Citation |
|------|------------------------|----------|
| November 2004 | Plaintiff requested a transfer to a facility closer to his home as an accommodation, but his supervisor, Stevette Shinkle, denied his request. Shinkle also withheld Plaintiff's worker's compensation forms. In response, Plaintiff filed an EEO complaint. Plaintiff succeeded on this EEO complaint and was awarded $10,000 in summer 2006. | FAC ¶¶ 22, 23. |
| Summer 2006 | Shinkle "ordered" Plaintiff to take the Metro Link train to work. | FAC ¶ 24. |
| Not specified | Shinkle continued to withhold Plaintiff's worker's compensation forms so that Plaintiff would not be paid on a timely basis. | FAC ¶ 25. |
| Not specified | Woody DeWitt, the Van Nuys Postmaster, told Plaintiff that he had the time and was of age to retire. In response, Plaintiff allegedly filed "another EEO" with Defendant asserting discrimination. | FAC ¶ 26. |
| Not specified | Plaintiff began to suffer back pain, but Defendant, through his subordinates, failed to accommodate Plaintiff's condition. In response, Plaintiff allegedly filed an EEO asserting disability discrimination. | FAC ¶ 27. |
| December 2006 | Plaintiff was put on medical leave on the recommendation of his physician. | FAC ¶ 29. |
| October 2007–January 2009 | Plaintiff was released to return to work by his physician and the Postal Service's doctor. Defendant refused to clear him to return to work, resulting in his constructive suspension. | FAC ¶ 47. |
| March 2009 | Defendant failed to provide Plaintiff with proper accommodations to enable him to return to work and, instead, forced him to retire. | FAC ¶ 32. |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05207 AHM | Date | June 18, 2012 |
|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | |

 

Based on these allegations, Plaintiff raises five causes of action for: (1) violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"); (2) violation of the Age Discrimination in Employment Act ("ADEA"); (3) violation of the Family Medical Leave Act ("FMLA"); (4) retaliation; and (5) wrongful constructive discharge.

Defendant contends that Plaintiff has not fulfilled the procedural requirements under the ADEA.  In addition, Defendant contends that Plaintiff has not exhausted his administrative remedies as to some of his allegations under the Rehabilitation Act. Specifically, Defendant argues that Plaintiff may not seek relief for the following incidents: (1) any claim for age discrimination; (2) the wrongful accusation of falsifying travel pay in May 1994; (3) the transfer to Panorama City against his physician's orders; and (4) Shinkle's retaliation in forcing Plaintiff to commute on the Metro Line train and withholding worker's compensation forms.[2]

## III.   LEGAL STANDARD

A party may challenge the Complaint's assertion of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Such a challenge may be raised at any time.  Fed. R. Civ. P. 12(h)(3).  The burden of proving that a claim is within the jurisdiction of the federal court rests on the party asserting the existence of federal subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936); *In Re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

A Rule 12(b)(1) attack on jurisdiction may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their

---

[2]The relief that Defendant actually asks for is to limit the FAC to a specific number of allegations raised.  He alludes to unspecified allegations that may not be properly before the Court but never actually challenges them.  The Court cannot and will not search the FAC for every possible allegation that Plaintiff has not exhausted.  Accordingly, the Court will limit itself to dismissing those allegations that Defendant specifically challenged in his motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05207 AHM | Date | June 18, 2012 |
|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | |

face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  When a Rule 12(b)(1) attack is facial, the allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the pleader.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Saridakis v. United Airlines*, 166 F.3d 1272, 1276 (9th Cir. 1999).  However, in a factual attack, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Cholla Ready Mix v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  The Ninth Circuit has held:

> The general rule . . . is that a pleading's allegations of jurisdiction are taken as true unless denied or controverted by the movant . . . . [I]f the movant, either in his motion or in any supporting materials, denies or controverts the pleader's allegations of jurisdiction, then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling.

*Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir. 1987).

## IV.    ANALYSIS

The ADEA provides a remedy for age discrimination.  Similarly, the Rehabilitation Act provides a remedy for disability discrimination.  Both statutes have procedural requirements that must be met before a claimant may file a civil action in federal court.  If a claimant fails to comply with the statutory requirements, the federal court lacks subject matter jurisdiction. *See, e.g.*, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003).

### A.    Plaintiff Failed to Exhaust Administrative Remedies Under the ADEA

Under the ADEA, a federal employee must satisfy one of two procedural requirements before seeking judicial relief for alleged age discrimination.  First, he may "invoke[] the EEOC's administrative claims process," *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008), exhaust administrative remedies pursuant to 29 C.F.R. §§ 1614.105 *et seq.*, and then challenge the alleged discrimination in federal court.  29 U.S.C. §§ 633a(b), (c); 29 C.F.R. § 1614.407.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-05207 AHM | Date | June 18, 2012 |
|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | |

To exhaust administrative remedies under this option, a claimant must initially contact an Equal Employment Opportunity (EEO) Counselor at the agency where he works. 29 C.F.R. § 1614.105(a)(1). If the dispute is not settled, he may then file a formal complaint with his agency's EEO Office. 29 C.F.R. § 1614.106. After receiving notice that the agency has finished its investigation, he may ask the agency to issue a decision. 29 C.F.R. § 1614.108. Only after a final agency decision has been issued may the claimant file a civil action with a federal district court or appeal it to the Equal Employment Opportunity Commission ("EEOC"). 29 C.F.R. § 1614.110.

Second, an employee may directly file a civil action in federal court. However, the employee must "giv[e] the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurrence." 29 U.S.C. § 633a(d); *see also* 29 C.F.R. § 1614.201(a); *Whitman*, 541 F.3d at 932.

Plaintiff failed to exhaust his administrative remedies as to any of his age discrimination claims. The First Amended Complaint is poorly drafted and hard to understand, but, as best the Court can tell, Plaintiff does not allege that he (1) raised age discrimination with any EEO Counselor, (2) filed a formal complaint with his agency's EEO Office, (3), received notice that the agency had concluded its investigation, (4) asked the agency to issue a final decision, or (5) notified the EEOC of his intent to sue.

The Court notes that the FAC does allege that Plaintiff filed an EEO complaint based on *disability* discrimination. But there is no indication that this EEO complaint raised *age* discrimination as an issue. *See Leong v. Potter*, 347 F.3d at 1122 (reasoning that the plaintiff failed to exhaust administrative remedies on a disability discrimination claim, because the plaintiff did not specifically raise disability discrimination among the allegations in his prior EEO complaint).

Accordingly, the Court GRANTS Defendant's motion to dismiss all of Plaintiff's claims of age discrimination under the ADEA.

### B.    Plaintiff Failed to Exhaust Administrative Remedies Under the Rehabilitation Act as to Three of His Allegations

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05207 AHM | Date | June 18, 2012 |
|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | |

The Rehabilitation Act prohibits a federal agency from discriminating against an employee solely on the basis of a disability, *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997), and "is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). A plaintiff must exhaust administrative remedies before a federal court has jurisdiction under the Rehabilitation Act. *Vinieratos v. United States*, 939 F.2d 762, 773 (9th Cir. 1991); *see also Leorna*, 105 F.3d at 550 ("To preserve her right to maintain a suit . . . a claimant must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures."). The administrative claims process is the same under the Rehabilitation Act as under the ADEA. *See* 29 C.F.R. §§ 1614.101, 1614.105(a)(1), 1614.106, 1614.110.

Defendant concedes that Plaintiff exhausted his administrative remedies as to some of his allegations of disability discrimination. But, according to Defendant, Plaintiff has failed to exhaust his administrative remedies as to the following three allegations of disability discrimination: (1) that he was wrongfully accused of falsifying travel pay; (2) that he was transferred to Panorama City against his physician's orders; and (3) that his supervisor retaliated against him by ordering him to take the Metro Link train and by withholding his worker's compensation forms. Although it is not clear whether the third claim is made under the Rehabilitation Act or Title VII, insofar as the claim raises disability discrimination, the Court analyzes it under the Rehabilitation Act.

Plaintiff has failed to exhaust his administrative remedies as to each of the allegations described above. Neither the FAC nor Plaintiff's opposition states with any specificity whether Plaintiff complained of these incidents of alleged disability discrimination to an EEO Counselor. Plaintiff gives no indication that he ever filed an official EEO complaint. He never states that he received notice that any agency investigation had been completed, nor does he assert that he asked for and received a final agency decision on his complaint. The Court has evidence only of an appeals process from a final agency decision that did not involve any of the claims being challenged in this motion. *See* Def.'s Mot. for Partial Dismissal Exs. A–C, H–N.

Accordingly, the Court GRANTS Defendant's motion to dismiss the three challenged allegations under the Rehabilitation Act.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-05207 AHM | Date | June 18, 2012 |
|---|---|---|---|
| Title | DENNIS SIMPSON V. PATRICK R. DONAHUE, POSTMASTER GENERAL | | |

### C.     Plaintiff's Internal Grievance Argument

Plaintiff spends the majority of his near-incomprehensible fifteen page opposition addressing an unrelated argument.  Plaintiff contends that Defendant prohibited him from utilizing Defendant's internal grievance procedures in connection with a lawsuit for the breach of a Collective Bargaining Agreement ("CBA").  Moreover, Plaintiff argues that the American Postal Workers Union ("APWU") refused to represent him in that claim.  These arguments are inapposite to this case, since neither the CBA nor the conduct of the APWU are at issue regarding Plaintiff's failure to exhaust administrative remedies, and are more relevant to a different case brought by Plaintiff, *Simpson v. U.S. Postal Serv.*, cv 10-1635 RGK (FFMx).  So disturbing is this inexplicable mistake that the Court looked into Plaintiff's attorney's record before the State Bar.  That record makes it particularly appropriate for the Court to advise counsel that he must adhere to standards of professional conduct in representing Plaintiff in this case.

## V.     CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion to Partially Dismiss the Complaint.[3]  Specifically, Plaintiff's ADEA claims of age discrimination and the three specified disability discrimination claims are DISMISSED with prejudice.

No hearing is necessary.  Fed. R. Civ. P. 78; Local Rule 7-15.

_____   :   _____

| Initials of Preparer | SMO |
|---|---|

---

[3]Dkt. 48.